UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE LEATHERS,
    Plaintiff

vs

MICHAEL McADAMS, et al.,
    Defendants

Case No. 1:10-cv-931

Barrett, J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against Hamilton County Deputy Sheriff Michael McAdams, the Hamilton County Sheriff's Department, the City of Cincinnati, and Hamilton County Sheriff Simon Leis, Jr. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

2

The complaint alleges that on June 18, 2010, plaintiff was walking downtown carrying a beach umbrella when he was stopped by Officer McAdams. McAdams noticed that the beach umbrella was similar to one in McAdams' personal vehicle. McAdams advised plaintiff that McAdams' vehicle had been broken into in the past and that the umbrella plaintiff was carrying resembled the one in McAdams' vehicle. At the time, McAdams had no knowledge that his personal vehicle had been broken into or that his umbrella was missing. McAdams requested personal information from plaintiff, which plaintiff refused to give. McAdams then requested plaintiff to accompany him to his county car and radioed for the assistance of a City of Cincinnati police officer. Once at his county vehicle, McAdams determined there were no outstanding warrants on plaintiff. McAdams then determined that his personal vehicle had not been broken into and that the umbrella in plaintiff's possession was not McAdams' umbrella.

Upon an investigation of plaintiff's complaint, the Sheriff's Department determined that McAdams did not have probable cause to stop plaintiff. Thereafter, McAdams was disciplined and ordered to serve a three-day suspension.

As relief, plaintiff requests the Court to "set right the wrong that was and is being done in violation of civil rights."

The Court concludes that plaintiff's complaint states a claim for relief under the Fourth Amendment against defendant McAdams and may proceed. *See* 28 U.S.C. § 1915(e)(2)(B).

However, plaintiff's complaint must be dismissed as to all other defendants. Plaintiff's claims against defendant Hamilton County Sheriff's Department are in reality official capacity claims against Hamilton County, the entity of which defendant Hamilton County Sheriff's Department is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690

(1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against Hamilton County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983.

"It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Hamilton County for his alleged injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). "The 'official policy' requirement [of *Monell* ] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that Officer McAdams acted pursuant to a particular policy or custom of Hamilton County in allegedly violating plaintiff's civil rights. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Hamilton County Sheriff's Department.

Likewise, plaintiff's claims against the City of Cincinnati should be dismissed. Plaintiff alleges no facts demonstrating that Officer McAdams was following any City of Cincinnati policy or custom when he stopped plaintiff to question him about the umbrella. Therefore, the complaint against the City of Cincinnati should be dismissed.

Finally, plaintiff's claims against defendant Sheriff Simon Leis should be dismissed. It appears Sheriff Leis is named as a defendant because of the supervisory position he holds over Hamilton County sheriff deputies. However, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability on defendant Leis. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992), *cert. denied*, 509 U.S. 903 (1993). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984). A superior may not be held liable under § 1983 for the misconduct of his employees unless the plaintiff demonstrates that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421. *See also Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v.*

*Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee*, 199 F.3d at 300. Where a supervisor is found to have abandoned the specific duties of his position, such as adopting and implementing a particular operating procedure, liability is direct, not vicarious. *Taylor v. Mich. Dept. of Corrections*, 69 F.3d 76 (6th Cir. 1995).

Here, plaintiff fails to allege that Sheriff Leis was present during or directly participated in the allegedly illegal stop by Officer McAdams. Nor does plaintiff allege facts showing that Sheriff Leis approved, encouraged, or implicitly authorized McAdams' actions. In fact, the complaint alleges the opposite: it appears Sheriff Leis disciplined McAdams for the actions about which plaintiff complains. The mere fact that defendant Leis is the Sheriff of Hamilton County is not enough to impose liability on Leis under section 1983. Therefore, plaintiff's section 1983 claims against defendant Leis should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Fourth Amendment claim against defendant McAdams be permitted to proceed. If this recommendation is adopted, the Court should order:

> (1) the United States Marshal to serve a copy of the complaint, summons, and this order upon defendant McAdams as directed by plaintiff, and that all costs of service be advanced by the United States; (2) that plaintiff serve upon defendant McAdams or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court; and (3) that plaintiff inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

2. Plaintiff's claims against defendants the Hamilton County Sheriff's Department, the City of

Cincinnati, and Hamilton County Sheriff Simon Leis, Jr. be dismissed.

Date: 12/29/2010

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE LEATHERS,
Plaintiff

vs

MICHAEL McADAMS, et al.,
Defendants

Case No. 1:10-cv-931

Barrett, J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).